**Electronically Filed**
**Intermediate Court of Appeals**
**29331**
**25-OCT-2011**
**09:04 AM**

NO. 29331

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MOMILANI FERNANDEZ, Plaintiff-Appellant, v.
MARK DEVELOPMENT, INC., the DEPARTMENT OF HAWAIIAN HOME
LANDS, the HAWAIIAN HOMES COMMISSION, MICAH KANE, in his
official capacity as Chairperson of the Hawaiian Homes
Commission and VILLAGE 6 RTO, LP, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-0776)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Plaintiff-Appellant Momilani Fernandez (**Fernandez**) appeals from the Circuit Court of the First Circuit's (**Circuit Court**) August 11, 2008 Judgment and challenges the Circuit Court's June 19, 2008 Order Granting in Part and Denying in Part Defendants Mark Development, Inc. (**Mark Development**), Department of Hawaiian Home Lands (**DHHL**), Hawaiian Homes Commission (**HHC**), Alapaki Nahale-a,[1] and Village 6 RTO, LP's Motion for Summary Judgment as to all Claims.[2]

Fernandez sought declaratory and injunctive relief, as well as damages, stemming from alleged violations of Hawaii

_____

[1]     Pursuant to Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 43(b), Alapaki Nahale-a is substituted for former HHC Chairperson Micah Kane, who was sued in his official capacity.

[2]     The Honorable Victoria S. Marks presided.

Revised Statutes (**HRS**) § 480-2 (2002) for unfair, deceptive, or unconscionable acts or practices by Defendant-Appellees Mark Development, DHHL, HHC, Alapaki Nahale-a, and Village 6 RTO, LP (**collectively, Defendants-Appellees**). Pertinent to this appeal, Fernandez also alleged a breach of the Hawaiian Homes Commission Act.

On appeal, Fernandez contends that the Circuit Court erred in granting summary judgment against her and in favor of Defendants-Appellees on Counts 1-5, the HRS Chapter 480 claims, and Count 6, the claim alleging that DHHL and HHC breached their trust obligations to Fernandez.[3/]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Fernandez's contentions as follows:

(1) Fernandez contends that she is a consumer for the purposes of HRS Chapter 480. Fernandez's HRS Chapter 480 claims arise out of her landlord-tenant relationship with Mark Development. As stated in the opening brief, Fernandez alleges:

> Since moving in, Ms. Fernandez has faced a landlord that has created an oppressive and intimidating living atmosphere. Mark Development has required residents to accept all changes to lease terms under the threat of eviction. Even though there are only seventy houses in the development, Mark Development has sent 1,206 termination notices to tenants. That is an average of more than 17 eviction notices per household in less than seven years! Tenants face a landlord who barrages them with eviction notices, creating a hostile atmosphere.
>
> Mark Development is constantly pestering Ms. Fernandez to fill out paperwork, demanding entry into her home and spying on her. . . . Mark Development is quick to cite and accuse residents when there is no basis for doing so.
>
> Mark Development has: refused to make repairs; intimidated tenants into thinking that if Mark Development makes the repairs, tenants will be charged an outrageous

---

[3/]    Count 7, relating to invasion of privacy, and Count 8, relating to the obligation to plant grant, were dismissed with prejudice by stipulation and order.

> amount of money; or unilaterally charged tenants for repairs
> that are not tenant responsibility [sic].

(Record citations omitted.)

HRS § 480-1 defines a "consumer" as "a natural person who, primarily for personal, family, or household purposes, purchases, attempts to purchase, or is solicited to purchase goods or services or who commits money, property, or services in a personal investment." Under this statute, "purchase" includes, *inter alia*, "contract to buy", "lease", and "contract to lease."

The Hawaiʻi Supreme Court has held that real estate transactions are not "goods" for the purposes of HRS chapter 480 because "the reference to real estate or residences are conspicuously absent from Hawaiʻi's version of [the Uniform Commercial Code provision defining "Goods"]". Cieri v. Leticia Query Realty, Inc., 80 Hawaiʻi 54, 66, 905 P.2d 29, 41 (1995); see also Smith v. Pink, No. 28690 (Haw. Ct. App. Apr. 15, 2010) (concluding that a real property lease is not a good, service, or personal investment for the purposes of HRS chapter 480).

The rental of real property "involve[s] the transfer of a possessory interest in the real property for a period of time, in exchange for payment." Smith at 2; see also Black's Law Dictionary 970 (9th ed. 2009) (defining a "lease" as "[a] contract by which the rightful possessor of real property conveys the right to use and occupy the property in exchange for consideration . . ."). Fernandez's rental agreement is a transfer of real property for a specified term, and not a "service" under HRS § 480-1.

Nor can Fernandez's rental of the unit be considered a "personal investment" under HRS § 480-1. The supreme court in Cieri, while holding that the purchase of a home is a personal investment, noted that the term "investment," as it related to HRS § 480-1, means "to put (money) to use, by purchase or expenditure, in something offering profitable returns, esp. interest or income." 80 Hawaiʻi at 67, 905 P.2d at 42 (citation

omitted). Fernandez presented no evidence that her rental payments were "put to use . . . in something offering profitable returns." Fernandez argues that she made a personal investment because there is an option to purchase referenced in her contract, and set forth in a separate agreement with Hawaii Assisted Housing, Inc., that may be exercisable at a future date. However, neither the rental agreement nor the option agreement state that her rental payments were to be applied towards an eventual option to purchase her unit. There is no evidence that she has, or even could have at this time, exercised an option to purchase the unit. And, there is no evidence that Fernandez has committed any money, property, or services toward such a purchase. Instead, her rental agreement clearly references her monthly payment as "rent." Fernandez did not make a "personal investment" under HRS § 480-1. Accordingly, Fernandez is not a "consumer" for the purpose of making a claim under HRS § 480-1. The Circuit Court did not err in granting summary judgment against her on the claims made pursuant to HRS chapter 480.

(2) It is undisputed that HHC and DHHL have a fiduciary duty to manage and dispose of Hawaiian homelands on behalf of eligible native Hawaiians, including Fernandez. See Ahuna v. Dep't of Hawaiian Home Lands, 64 Haw. 327, 338, 640 P.2d 1161, 1168 (1982). In support of her breach of fiduciary duty claim, Fernandez obliquely references the actions of Mark Development, as HHC and DHHL's agent, and HHC and DHHL's direct "condoning" of Mark Development's actions and "neglecting" how their beneficiaries were treated by Mark Development. Fernandez cites no legal authority for her claim that such actions constitute breaches of HHC and DHHL's fiduciary duty. On the contrary, it appears that the enforcement policies implemented by Mark Development were made pursuant to requirements imposed by the U.S. Department of Housing and Urban Development and pursuant to a Low Income Housing Tax Credit program used to fund the

operations of the development in which Fernandez's unit is located.[4] Accordingly, we cannot conclude that the Circuit Court erred in granting summary judgment against Fernandez and in favor of Defendants-Appellees on Count 6.

For these reasons, the Circuit Court's August 11, 2008 Judgment is affirmed.

DATED: Honolulu, Hawai'i, October 25, 2011

On the briefs:

David Kimo Frankel
Anthony F. Quan, Jr.
(Native Hawaiian Legal
  Corporation)
for Plaintiff-Appellant

Sidney K. Ayabe
J. Thomas Weber
Gary S. Miyamoto
(Ayabe Chong Nishimoto
  Sia & Nakamura)
for Defendants-Appellees

Presiding Judge

Associate Judge

Associate Judge

---

[4]    Fernandez argues that the Circuit Court erred by relying on various evidence presented that allegedly lacked foundation, were improper legal opinions, and were hearsay. Fernandez, however, failed to identify any evidentiary errors in her points of error as required by HRAP Rule 28(b)(4), which requires, inter alia, "[a] concise statement of the points of error set forth in separately numbered paragraphs." Therefore, any such error is deemed waived. Id. ("Points not presented in accordance with this section will be disregarded. . .").